UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KENNETH P. COOPER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:19-cv-371-TAV-DCP |
| | ) | 3:18-cr-036-TAV-DCP-7 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Kenneth Cooper has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 711; Case No. 3:19-cv-371, Doc. 1].[1] In his motion, he presents one ineffective-assistance-of-counsel claim. Petitioner thereafter filed a motion to amend [Case No. 3:19-cv-371, Doc. 5]. The government has responded in opposition to petitioner's § 2255 motion [Case No. 3:19-cv-371, Doc. 8]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 711; Case No. 3:19-cv-371, Doc. 1] will be **DENIED**. Petitioner's motion to amend [Case No. 3:19-cv-371, Doc. 5] is **GRANTED** to the extent that the Court has considered the arguments contained therein.

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

**I.      Background**

On August 16, 2018, petitioner pleaded guilty to conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) [Docs. 157, 165].  The revised presentence investigation report ("PSR") ultimately deemed petitioner a career offender under the Sentencing Guidelines, based on his prior convictions for Attempt to Possess a Schedule II Controlled substance with Intent to Sell/Deliver and Sale of Schedule II Controlled Substance [PSR ¶¶ 80, 88–89].  Based on his status as a career offender, his criminal history score was increased from category III to category VI, and his adjusted offense level was increased from 32 to 37 [*Id.*, ¶¶ 79–80, 94–95].  With a total offense level of 34 (accounting for a three-level reduction for acceptance of responsibility), and a criminal history category of VI, petitioner's guideline range was 262 to 327 months [*Id.*, ¶ 110].  The government moved for a downward departure pursuant to United States Sentencing Guidelines § 5K1.1 [Doc. 362] and the Court granted the motion and sentenced petitioner to 156 months' imprisonment [Doc. 571].

Petitioner now asks the Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, arguing that his counsel was constitutionally deficient in failing to ask for a continuance of his sentencing hearing until after the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 711, p. 4; Case No. 3:19-cv-371, Doc. 1, p. 4].  Petitioner contends that, because counsel failed to request this continuance, he received an unconstitutional career-offender-enhanced sentence [*Id.*].  Although he provides no other argument in this regard, petitioner also asks the Court to "review his

2

sentence in light of" the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) [*Id.*, p. 9].

Petitioner has also filed a motion to amend his § 2255 motion, seeking to add as an exhibit an e-mail from his defense counsel, stating that *Davis* "guts a bunch of the career offender sentencing guidelines" and "could dramatically reduce [petitioner's] sentence" [Doc. 5]. In this e-mail, defense counsel advises petitioner that "[n]o one knew this case was coming down, but you should still say I should have known" [*Id.* at 3].

The government responds, in relevant part,[3] that, while the Supreme Court held in *Davis* that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence was unconstitutionally vague, petitioner was not convicted under § 924(c), but rather, was deemed a career offender under United States Sentencing Guidelines § 4B1.2 [Case No. 3:19-cv-371, Doc. 8, p. 3]. The government further argues that defense counsel was not ineffective in failing to postpone the sentencing hearing until after *Havis*, which the government admits precludes petitioner from being categorized as a career offender if sentenced today, because counsel was not required to predict developments in the law [*Id.* at 5–7].

---

[3] The government also argues that any direct challenges to petitioner's sentence are barred by the collateral attack waiver in his plea agreement [Case No. 3:19-cv-371, Doc. 8, p. 2]. However, in his reply brief, petitioner clarifies that he is only seeking to raise an ineffective-assistance-of-counsel claim, which was excluded from the plea agreement's collateral attack waiver [Case No. 3:19-cv-371, Doc. 9, p. 1]. Based on this representation, the Court will treat petitioner's arguments exclusively as raising an ineffective-assistance-of-counsel claim, and therefore, the Court will not address the government's collateral attack waiver argument [*See* Doc. 157, ¶ 10(b) (excepting claims of ineffective assistance of counsel from petitioner's collateral attack waiver)].

3

In reply, petitioner admits that counsel is "not required to possess talismanistic [sic] powers to predict the future," but he argues that, by counsel's own admission, in his e-mail, he was aware that *Davis* was pending and that a decision was immediately forthcoming [Case No. 3:19-cv-371, Doc. 9, p. 2]. Accordingly, petitioner contends that counsel should have requested a continuance until *Davis* was published [*Id.*].

**II.     Legal Standard**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S.

4

668, 687 (1987). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

**III. Analysis**

    **A.** *Davis*

First, to the extent that petitioner's ineffective assistance of counsel claim is based on *Davis*, because petitioner's sentence would not be impacted by *Davis*, he cannot meet

5

his burden of establishing either prong of *Strickland*. As background, in 2015, the Supreme Court struck down the so-called "residual clause" of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" as unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). Under the ACCA, an enhanced 15-year mandatory minimum sentence applied to violations of 18 U.S.C. § 922(g) if the defendant had three or more prior convictions for a "serious drug offense" or "violent felony." *Id*. at 593. The ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use or threatened use of physical force against the person of another" (Elements Clause); (2) "is burglary, arson, or extortion, involves use of explosives" (Enumerated Offenses Clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (Residual Clause). *Id*. at 593–94 (quoting 18 U.S.C. § 924(e)(2)(B)). The Court struck down this last clause of the "violent felony" definition, leaving the remaining clauses intact. *Id*. at 606.

The *Johnson* decision ignited a deluge of litigation regarding similarly-worded definitions of "violent felonies" or "crimes of violence" in other statutes. For example, in *Sessions v. Dimaya*, the Supreme Court found that the residual clause of 18 U.S.C. § 16(b)'s definition of a "crime of violence," which stated that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was a

"crime of violence," was also unconstitutionally vague. 138 S. Ct. 1204, 1211, 1216 (2018) (quoting 18 U.S.C. § 16(b)).

Likewise, in *Davis*, on which petitioner relies, the Supreme Court struck down the residual clause of 18 U.S.C. § 924(c)(3), which defined a "crime of violence" in part as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S. Ct. 2319, 2324, 2336 (quoting 18 U.S.C. § 924(c)(3)). Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm" is subject to additional penalties in addition to the sentence for the underlying crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). In light of *Davis*, such additional penalties may only apply, in the case of an underlying crime of violence, rather than drug trafficking offense, if the offense qualifies as a "crime of violence" under § 924(c)(3)'s element's clause.

The United States Sentencing Guidelines contain a "career offender" provision which enhances a defendant's offense level and criminal history category, for purpose of calculating the guideline sentencing range, if: (1) "the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;" (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense;" and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines

definition of a "crime of violence" previously included,[4] like the ACCA, an elements clause, an enumerated offenses clause, and a residual clause. *Beckles*, 137 S. Ct. 886, 890–91 (quoting U.S.S.G. § 4B1.2(a) (2015)). The former residual clause of the Guidelines' definition of a "crime of violence" included any offense punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 891 (quoting U.S.S.G. § 4B1.2(a) (2015)).

Despite the similarity of the career offender guideline's residual clause to the residual clause in the ACCA, the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, and therefore, the Guidelines' residual clause was valid. *Id.* at 890, 985. The Supreme Court held that, because the Guidelines "merely guide the district courts' discretion" in sentencing, rather than mandating a particular sentence, they are not subject to a constitutional vagueness challenge. *Id.* at 894.

Petitioner here was not sentenced as an armed career criminal, nor was he convicted of an offense under § 924(c). Instead, petitioner's sentencing guideline calculations were enhanced under the career offender guideline. Notably, the PSR applied the 2018 Guidelines Manual, which, as noted above, had already eliminated the career offender guideline's residual clause, in calculating petitioner's guideline range [PSR ¶ 73]. Moreover, petitioner's career offender status was based on his instant offense of conviction

---

[4] The 2016 Sentencing Guidelines Manual removed the residual clause from § 4B1.2(a)'s definition of a "crime of violence." *See* U.S. Sentencing Guidelines Manual, app. C., amend. 798.

8

Case 3:18-cr-00036-TAV-DCP   Document 777   Filed 04/26/21   Page 8 of 13   PageID #: 7520

being a controlled substance offense, and his two prior convictions for controlled substance offenses, rather than any crimes of violence [*See id.* ¶¶ 88–89]. For this reason alone, petitioner's claim of ineffective assistance of counsel based on *Davis* fails, as no changes in the definition of a "crime of violence" would have altered his status as a career offender.

Nevertheless, even to the extent that petitioner's career offender enhancement could be deemed to have been based in part on the guideline's former crime of violence definition's residual clause, his counsel was not deficient in failing to raise this argument or postpone his sentencing until after the *Davis* decision issued. Because *Davis* involved the application of § 924(c), and petitioner was not charged under § 924(c), counsel had no legitimate grounds to seek a continuance of petitioner's sentencing hearing until after *Davis* was decided. Furthermore, to the extent that petitioner contends that *Davis* would have had some application to his career offender enhancement, such argument is foreclosed by *Beckles*, and was foreclosed by *Beckles* at the time of his sentencing. Therefore, his counsel did not perform deficiently in failing to raise this argument or postpone his sentencing until after *Davis* was decided.

For the same reasons, petitioner cannot show that he was prejudiced by any alleged deficient performance. Even if counsel had postponed petitioner's sentencing hearing until after *Davis* was decided, *Davis* would not have altered his sentence in any way, and any argument that the rationale of *Davis* should apply to his career offender guideline enhancement would have been foreclosed by *Beckles*. Thus, to the extent that petitioner's

9

ineffective assistance claim is based on *Davis*, petitioner's claim fails to meet either prong of *Strickland*.

**B.     *Havis***

In *Havis*, the Sixth Circuit, sitting *en banc*, held that the Sentencing Guidelines' definition of a "controlled substance offense" does not include attempt crimes. 927 F.3d at 387. The Court noted that the commentary to § 4B1.2(b) of the Guidelines stated that attempt crimes qualified as a "controlled substance offense." *Id*. at 385 (citing U.S.S.G. § 4B1.2(b), comment. (n.1)). However, the Circuit also noted that the plain language of § 4B1.2(b) itself did not include attempt crimes. *Id*. (citing U.S.S.G. § 4B1.2(b)). The Court ultimately concluded that the Sentencing Commission could not amend the language of the guideline through the commentary, and therefore, the Commission's use of the commentary to add attempt crimes to the definition of a "controlled substance offense" deserved no deference, but rather, the text of the guideline itself controlled. *Id*. at 387.

The government concedes that, in light of *Havis*, if petitioner was sentenced today, he would no longer qualify as a career offender [Case No. 3:19-cv-371, Doc. 8, p. 4]. However, whether petitioner's sentence would remain the same, if sentenced today, is insufficient in a § 2255 proceeding. Rather, petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

10

§ 2255(a). A "collateral attack" claim is "generally cognizable only if [it] involved a fundamental defect which inherently results in a complete miscarriage of justice." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quoting *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018)) (internal quotation marks omitted). "To meet this demanding standard, a prisoner typically must 'prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Id.* (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014)).

Liberally construing petitioner's pro se § 2255 motion, the Court concludes that petitioner seeks to raise a claim that his counsel was constitutionally defective for failing to postpone his sentencing until after the *Havis* decision. Framed as an ineffective-assistance-of-counsel claim, petitioner's claim, if supported, could pass constitutional muster. However, the Court finds that petitioner cannot establish the first prong of *Strickland*, that his counsel performed deficiently, with regard to any *Havis* claim.

Although petitioner relies extensively on the e-mail from his defense counsel, which petitioner characterizes as admitting that counsel was aware that the *Davis* decision was pending, and therefore, should have sought a continuance until after that decision was issued, the Court has reviewed the e-mail, and counsel made no reference to the Sixth Circuit's decision in *Havis* [*See* Case No. 3:19-cv-371, Doc. 5, p. 3]. As petitioner himself acknowledged in his reply brief [Case No. 3:19-cv-371, Doc. 9, p. 2], counsel's failure to anticipate a change in the law is not constitutionally deficient performance. *See Alcom v.*

11

*Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel"); *Robinson v. United States*, 636 F. Supp. 2d 605, 613 (E.D. Mich. 2009) (holding that counsel was not constitutionally deficient in failing to anticipate the Supreme Court's ruling that the Sentencing Guidelines are not mandatory). Petitioner has provided no indication that his counsel was, or should have been, aware of the pending *Havis* appeal, nor any reason that counsel should have anticipated the change of law encompassed by *Havis*. Accordingly, petitioner has not met his burden of establishing that his counsel's performance was constitutionally deficient in failing to seek a sentencing continuance until after the Sixth Circuit's *en banc* decision in *Havis*.

## IV.  Conclusion

Petitioner's motion to amend [Case No. 3:19-cv-371, Doc. 5] is **GRANTED** to the extent that the Court has considered the arguments contained therein. However, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 711; Case No. 3:19-cv-371, Doc. 1] will be **DENIED** and this action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of

12

appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

    IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE